*Decisions will be entered under Rule 50.*

---

RAY A. MAHER AND ROSE M. MAHER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

RAY A. MAHER, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2916–67, 4667–69, 4668–69. Filed July 12, 1971.

*John J. Alder* and *A. Henry Cuneo*, for the petitioners.
*Larry K. Hercules*, for the respondent.

### SUPPLEMENTAL OPINION

FORRESTER, *Judge:* On December 10, 1970, we filed our opinion in this case, 55 T.C. 441, wherein we held, in part, that Ray A. Maher (hereinafter sometimes referred to as Ray) had received a constructive dividend in 1963 when Selectivend Corp. (hereinafter sometimes referred to as Selectivend) assumed payments on his personal promissory notes.

On January 12, 1971, petitioners filed a "Motion For Reconsideration And Amendment of Findings and Conclusions of Law and Opinion" in which they requested leave to file an additional brief on the constructive-dividend issue pursuant to Rule 19(e), Tax Court Rules of Practice. They alleged in their motion that:

1. Docket No. 2916-67 for the year 1963 was first set for trial before the Tax Court on February 17, 1969. On December 11, 1968, respondent's counsel called petitioners' co-counsel, A. Henry Cuneo, by telephone and stated that respondent was willing to concede that petitioner did not receive a constructive dividend in 1963, when he assigned his contract to Selectivend to acquire the stock of Selvex, provided petitioner would join respondent in a request for continuance, so that the transactions in the later years could be joined with the year 1963 and considered at the same time in one trial. This petitioner agreed to do.

We set a hearing for March 3, 1971, to consider arguments and any evidence concerning the above alleged agreement. At the hearing we determined to our satisfaction that no such agreement or concession had been made; however, we granted petitioners' motion to file an additional brief for the limited purpose of further argument concerning the year or years in which a constructive dividend should be considered to have been received by Ray.

In their brief, petitioners argued only that section 301(b) (2) of the Internal Revenue Code of 1954 precluded any taxation on Selectivend's distribution to Ray. That section states:

SEC. 301(b) (2). REDUCTION FOR LIABILITIES. — The amount of any distribution determined under paragraph (1) shall be reduced (but not below zero) by—

(A) the amount of any liability of the corporation assumed by the shareholder in connection with the distribution, and

(B) the amount of any liability to which the property received by the shareholder is subject immediately before, and immediately after, the distribution.

According to them, if Ray received a distribution of property when Selectivend assumed liability on his promissory notes in 1963, the net value of the distribution was zero under section 301(b) (2), since Ray remained secondarily liable on the notes. We find this argument without merit.

Section 301(b) (2) (A) specifically states that in order for any reduction to occur a "liability of the corporation" must be "assumed by the shareholder." In the instant case, the *converse* is true, namely the corporation assumed the liability of its shareholder; hence, the section, by its terms, is not applicable. To be sure, Ray would be liable should Selectivend default on its assumption, but this is not the equivalent of an assumption by him of any corporate liability; nor, for that matter, can Ray's secondary liability on the notes be considered the same as taking property subject ("immediately before and immediately after, the distribution * * *") to a liability, as required by section 301(b) (2) (B). Here, the distribution of "property" to Ray was Selectivend's assumption of his liability. To argue that this "property" was subject to a liability immediately before its distribution to Ray is sophistry.

In our original opinion in this case, 55 T.C. at 455–456, we held that Selectivend's assumption of Ray's liability in 1963 was the equivalent of property as defined in section 317(a)[1] and that such "property" was distributed to Ray in that year. We affirm such holding.

*Motion denied.*

---

[1] SEC. 317. OTHER DEFINITIONS.

(a) PROPERTY.—For purposes of this part, the term "property" means money, securities, and any other property; except that such term does not include stock in the corporation making the distribution (or rights to acquire such stock).